UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DANA E. DZWONCZYK, f/k/a
WLODZIMIERZ J. DZWONCZYK,

                                Plaintiff,

     v.                                       5:13-CV-190
                                                 (GLS/ATB)

DAVID N. HURD,

                                Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

DANA E. DZWONCZYK
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

On February 20, 2013, plaintiff, Dana E. Dzwonczyk, filed this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Compl.) (Dkt. No. 1). At the same time, plaintiff also filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 2). On February 22, 2013, plaintiff filed a motion for "leave to amend" his complaint and a motion for leave to place this case into "ADR" (Alternative Dispute Resolution). (Dkt. Nos. 4-5). On February 27, 2013, plaintiff filed his "proposed amended complaint." (Dkt. No. 7-1).

**I.**    **<u>Operative Pleading (Amendment)</u>**

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). In this case, the original pleading has not even been served because plaintiff's motion to proceed IFP has not yet been decided. Thus, plaintiff was free to amend his complaint without making a motion to do so, and the

court will consider plaintiff's proposed amended complaint (Dkt. No. 7-1) in making the IFP determination. The original complaint has been superceded and **will not be considered**. Plaintiff's motion to amend (Dkt. No. 4) will be denied as moot.

## II.    IFP Application

The court has reviewed plaintiff's IFP application. (Dkt. No. 2). Based upon the plaintiff's stated financial status, the court finds that the plaintiff is financially eligible to proceed without payment of fees.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a

responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's amended complaint under the above standards.

## III. Amended Complaint

The court first notes that in addition to bringing this action pursuant to *Bivens, supra*, plaintiff alleges that he is bringing this action pursuant to 28 U.S.C. § 455 and Articles III and VI of the United States Constitution.[1] The discussion that follows is a narrative beginning with the proposition that Judge Hurd should have recused himself pursuant to 28 U.S.C. § 455 in one of plaintiff's previous lawsuits because Judge Hurd's decision was "partial, biased and prejudicial." (Amended Complaint ("AC") ¶¶ 1, 6). Plaintiff believes that Judge Hurd's order dismissing plaintiff's case in

---

[1] Plaintiff also states that he is bringing this action pursuant to *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980); *Stone v. Powell*, 428 U.S. 465 (1976); and *Liteky v. United States*, 510 U.S. 540 (1994). The cases cited by plaintiff are not independent bases for jurisdiction, but the portions of the cases to which plaintiff refers essentially state that individuals are entitled to impartial and disinterested tribunals.

*Dzwonczyk v. Suddaby*, 5:10-CV-300, 2010 WL 1704722 (N.D.N.Y. April 28, 2010) somehow adversely affected plaintiff's "honor and dignity." (AC ¶ 9).

Plaintiff's amended complaint then attempts to explain why Judge Hurd's decision was incorrect, why the defendants in 10-CV-300 should not have been entitled to immunity, and why Judge Mordue's order barring plaintiff from entering the Federal Courthouse without an escort should be vacated. Plaintiff complains that the Clerk of the Court, Lawrence K. Baerman engaged in fraud and obstruction of justice in addition to other crimes in connection with plaintiff's prior lawsuits.[2] (AC ¶¶ 10, 14, 16). Although the defendant in this action is purportedly Judge Hurd, plaintiff spends most of the amended complaint discussing the allegedly "criminal" actions by the Clerk of the Court and a Deputy United States Marshal that was standing next to Lawrence Baerman in the Clerk's Office and who was apparently watching as the alleged "obstruction of justice" was occurring.

Plaintiff's prayer for relief asks the court to vacate former Chief Judge Mordue's order and allow plaintiff free access to the Federal Courthouse without escort;[3] issue an order vacating the orders of three judges who continued to state that Judge Mordue's order remained in effect even though plaintiff withdrew his other

---

[2] Plaintiff has filed other lawsuits in this district that have been dismissed. Plaintiff stated in 10-CV-300 that he consented to the dismissal of the two prior lawsuits. *See Dzwonczyk v. Suddaby*, 2010 WL 1704722 at *1 (citing *inter alia Dzwonczyk v. Syracuse Housing Auth.*, 5:07-CV-1239 (GTS/DEP) and *Dzwonczyk v. Syracuse City Police Dep't*, 5:08-CV-557 (NPM/DEP)).

[3] Due to various problems that plaintiff has had with court staff, former Chief Judge Mordue issued an order requiring that plaintiff be escorted any time he entered the federal courthouse. Plaintiff has been attempting to have that order rescinded or vacated.

4

lawsuits "with prejudice;"[4] and issue an order reopening 10-CV-300 in view of "new facts, findings, and conclusions drawn from these findings." (AC "Prayer for Relief" at 11-12). Plaintiff asks the court to strike Judge Hurd's statement certifying that the any appeal in 10-CV-300 would not be taken in good faith. (*Id.* at 12). Plaintiff also asks the court to order Judge Hurd "to always apply the law and the supporting evidence that the facts support equally, and without prejudice and bias as we are . . . equal under law." (*Id.* at 13). Finally, plaintiff requests that criminal or civil proceedings be instituted against Lawrence Baerman on "the Court's own Motion." (*Id.*)

## IV. <u>Judicial Immunity</u>

### A. **Legal Standards**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only

---

[4] Apparently, plaintiff believed that if he withdrew his prior actions, Judge Mordue's order would also be vacated. However, this did not happen.

5

two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

### B. Application

The only defendant in this action is Judge Hurd. A reading of the entirety of the amended complaint shows that plaintiff is still attempting to challenge Judge Hurd's April 28, 2010 decision, dismissing plaintiff's action against Clerk of the Court Lawrence K. Baerman and Deputy U.S. Marshal Gordon "Doe."[5] Judge Hurd dismissed 10-CV-300 based upon the extension of judicial immunity to the Clerk of the Court, who was performing duties that were "an integral part of the judicial process." Plaintiff argues that 10-CV-300 should be reopened, the Judges should be reinstated as defendants,[6] and the case should proceed. Plaintiff is also very disturbed by Judge Hurd's statement, certifying that any appeal from that order would not be taken in good faith. Plaintiff turns the statement around and takes issue with the implication of his "BAD FAITH." (AC at p.12).

---

[5] Plaintiff has apparently determined that the Deputy U.S. Marshal that he named as "Gordon Doe" in 10-CV-300 is Deputy U.S. Marshal Gerald S. Gordon. (AC at 12).

[6] Plaintiff originally named Judge Glenn T. Suddaby; retired Judge Neal P. McCurn; and Judge Norman A. Mordue as defendants, but voluntarily withdrew his case as against these Judges. (Dkt. No. 5 in *Dzwonczyk v. Suddaby*). Plaintiff specifically stated that "including these Judges as Defendants in this action could be construed by the Court as frivolous." (*Id.*) Plaintiff stated that even though the statements made to Judge Mordue that induced him to bar plaintiff from the courthouse unless escorted, were "false," Judge Mordue and the other Judges could have construed those statements as "true." (*Id.*)

6

Plaintiff is still attempting to challenge Judge Hurd's order, together with Judge Mordue's unrelated order, barring plaintiff from the Federal Courthouse without an escort. Although plaintiff states that there are "new facts," the facts that he states in his current amended complaint are the same facts and claims that he attempted to raise in 10-CV-300. Plaintiff argues that Clerk Baerman should not have been afforded absolute immunity, and the case should not have been dismissed against the Deputy Marshal.[7]

Plaintiff cannot challenge Judge Hurd's decision by filing a *Bivens* action against him. Any action taken by Judge Hurd in plaintiff's previous action would be protected by absolute immunity, and this case must be dismissed. Plaintiff did not appeal Judge Hurd's order, and contrary to his belief, he was not prevented from doing so by Judge Hurd's certification. The fact that Judge Hurd stated that he certified that an appeal would not be taken in "good faith" was ***not*** a reflection on plaintiff's sincerity in requesting appellate review. *Arnold v. Adams*, No. 08-3293, 2010 WL 99863, at *1 (C.D. Ill. Jan. 6, 2010).

Judge Hurd's finding was only an statement for IFP purposes. An appeal taken in "good faith" is an appeal that, "objectively considered, raises non-frivolous colorable isues." *Id.* This effect of this certification was only that plaintiff would not have been allowed IFP status for his appeal, without further application. Judge Hurd's

---

[7] Judge Hurd dismissed the case against Lawrence Baerman based upon the extension of judicial immunity, but dismissed the action against the Deputy Marshal because there was no plausible claim of conspiracy to improperly file plaintiff's documents. *Dzwonczyk v. Suddaby*, 2010 WL 1704722 at *6-7.

7

certification would ***not*** have prevented plaintiff from applying to the Second Circuit for a review of that finding. Fed. R. App. 24(a)(3), (5). *See also Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999). Plaintiff also could have appealed if he paid the filing fee for the appeal.

Finally, plaintiff states that he is basing this action on 28 U.S.C. § 455, the statute providing bases for the disqualification of a judge. Plaintiff believes that Judge Hurd's decision shows that he was not impartial. Even assuming that plaintiff could request Judge Hurd's disqualification at this point, the Second Circuit has held that prior rulings are generally not a basis for disqualification. *Gallop v. Cheney*, 645 F.3d 519, 520-21 (2d Cir. 2011) (citation omitted) (adverse ruling alone was insufficient to establish the sort of extreme antagonism required for disqualification).

The Supreme Court, in a case cited by plaintiff himself, stated that absent a "deep-seated favoritism or antagonism that would make fair judgment impossible," rulings are "[a]lmost invariably . . . proper grounds for appeal, not recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). There is absolutely no indication that Judge Hurd should have been disqualified or should have disqualified himself in 10-CV-300 based upon any favoritism to another party or antagonism toward plaintiff. The judge's adverse ruling in no way shows partiality.

V. **Miscellaneous Requests**

The court also notes that in his amended complaint, plaintiff asks for a variety of things, including that Judge Mordue's order requiring plaintiff to have an escort in the Federal Courthouse to be rescinded or vacated. Bringing a *Bivens* action against

8

Judge Hurd is not the proper vehicle for a request to change Judge Mordue's order. Plaintiff also asks for criminal or civil proceedings to be instituted on the court's own motion against Lawrence Baerman.

The court does not "sua sponte" initiate either civil or criminal proceedings, and a plaintiff has no jurisdiction to request that criminal charges be instituted. It is not the judicial, but the executive branch of the government that initiates criminal prosecutions. *Dixon v. Ragland*, No. 03 Civ. 826, 2008 WL 5251359, at *4 (S.D.N.Y. Dec. 16, 2008); *Osborne v. Kauffmann*, No. 84 Civ. 3369, 1985 WL 232, at *2 n.3 (S.D.N.Y. Jan. 30, 1985). An exception exists for civil and criminal contempt proceedings. *See S.E.C. v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 439 (2d Cir. 1987) (citations omitted) (civil and criminal contempt);18 U.S.C. § 401 (criminal contempt). However, such proceedings are reserved for violations of specific court orders. *See id.* (judicial power is potent weapon and an order of contempt cannot issue unless the order claimed to be violated is specific and definite). *See also See Cintron v. Vaughn*, No. 3:69-CV-13578, 2007 WL 4240856, at *8 (D. Conn. Nov. 29, 2007) (discussing both civil and criminal contempt); *Booth v. Wilson*, No. 96 Civ. 920, 1997 WL 615490, at *2 (S.D.N.Y. Oct. 6, 1997) (civil and/or criminal contempt sanctions may be appropriate where a district court's order has been violated). In this case, Lawrence Baerman is not a party, and in any event, there is no indication that Clerk Baerman violated any order of the court. Neither civil or criminal contempt proceedings are appropriate.

In addition, criminal prosecutions may not be initiated by private parties in a

9

federal lawsuit. *Hill v. DiDio*, 191 Fed. Appx. 13, 14-15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)). To conclude otherwise, the party must show that Congress specifically intended to create a private right of action pursuant to the statutes that plaintiff seeks to enforce. *Id.* Thus, plaintiff cannot obtain any of the relief that he seeks in this case, and the case must be dismissed as frivolous, for failure to state a claim, and because he seeks to name a defendant who has absolute immunity. Plaintiff cannot obtain in this action what he was unable to obtain in his prior action by naming Judge Hurd as a defendant and suing for the same conduct he previously alleged.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP (Dkt. No. 2) be **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**ORDERED**, that plaintiff's motion to amend (Dkt. No. 4) is **DENIED AS MOOT**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(2)(i)-(iii)**, and it is

**RECOMMENDED**, that if the court accepts this recommendation, it further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is further

**ORDERED**, that in view of my recommendation of dismissal, plaintiff's motion to place this case into ADR (Dkt. No. 5) is **DENIED AS MOOT**, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: March 5, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge