**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DANA E. DZWONCZYK** f/k/a
Wlodzimierz Dzwonczyk**,**

                    **Plaintiff,**                    5:13-cv-190
                                                                   (GLS/ATB)

        **v.**

**DAVID N. HURD,**

                      **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Dana E. Dzwonczyk
Pro Se
514 Charles Avenue, Apt. 7
Syracuse, NY 13209

**Gary L. Sharpe
Chief Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

    Plaintiff *pro se* Dana E. Dzwonczyk commenced this action against

defendant United States District Judge David N. Hurd pursuant to *Bivens v.*

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971), and 28 U.S.C. § 455, and Articles III and VI of the United States

Constitution.¹ (*See* Am. Compl. ¶ 1, Dkt. No. 7, Attach. 1.) Upon commencement, Dzwonczyk filed a motion for leave to proceed in forma pauperis (IFP), and, shortly thereafter, sought leave to amend his Complaint and to place the case "in [Alternative Dispute Resolution (ADR)] track (Assisted Mediation)." (Dkt. No. 5; *see* Dkt. Nos. 2, 4, 7.)

In an Order and Report-Recommendation (R&R) dated March 5, 2013, Magistrate Judge Andrew T. Baxter granted Dzwonczyk's IFP application and, pursuant to Fed. R. Civ. P. 15(a)(1)(A), adopted the Amended Complaint as the operative pleading and denied his motion to amend as moot.² (*See* R&R at 1-2, Dkt. No. 9.) Judge Baxter also recommended that: Dzwonczyk's Amended Complaint be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B); his motion to place the case into ADR be denied as moot; and the court certify that any appeal taken from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (*See* R&R at 3-11.) Dzwonczyk filed timely objections to the R&R, followed by four separate motions, requesting: to file a second

---

¹ Dzwonczyk also asserted claims under various other cases decided by the Supreme Court of the United States which, alone, do not provide independent causes of action. (*See* Am. Compl. ¶ 1; Dkt. No. 9 at 3 n.1.)

² The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

Amended Complaint; a three-judge court; a temporary stay; and joinder of additional parties. (*See* Dkt. Nos. 10, 11, 12, 13, 14.) For the reasons that follow, the R&R is adopted in its entirety, and Dzwonczyk's remaining motions are denied as futile or moot.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[3] *See id.*

## III. Discussion

### A. Dzwonczyk's Objections

To the extent that a specific objection can be gleaned from

---

[3] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

3

Dzwonczyk's March 11, 2013 submission, it pertains to Judge Baxter's determination that the actions taken by Judge Hurd about which Dzwonczyk complains were protected by absolute immunity. (*See* Dkt. No. 9 at 5-7; Dkt. No. 10.) That determination is therefore reviewed *de novo*, while the remainder of the R&R is reviewed for clear error. *See Almonte*, 2006 WL 149049, at *6-7.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions and that even allegations of bad faith or malice cannot overcome judicial immunity." *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 123 (2d Cir. 2010) (internal quotation marks and citation omitted). Judicial immunity from suit for monetary damages gives way only if: "(1) the actions giving rise to the suit were not taken in the judge's judicial capacity[;] or (2) the suit arises from actions that the judge took in the complete absence of all jurisdiction." *Gonzalez v. Sharpe*, No. 1:06-CV-1023, 2006 WL 2591065, at *2 (N.D.N.Y. Sept. 8, 2006) (internal quotation marks and citations omitted). "Similarly, [prospective] injunctive relief is not available in an action pursuant to 42 U.S.C. § 1983[, or *Bivens*,] against a judicial officer for acts taken in that official's judicial capacity unless a declaratory decree

4

was violated or declaratory relief was unavailable." *Id*. (internal quotation marks and citations omitted); *see McKeown*, 377 F. App'x at 124.

As Judge Baxter noted in the R&R, to the extent that Dzwonczyk's Amended Complaint pertains to Judge Hurd, the sole named defendant, it clearly seeks to challenge his April 28, 2010 Decision and Order in *Dzwonczyk v. Suddaby*, 5:10-cv-300, dismissing the action against the remaining defendants, Clerk of the Court Lawrence Baerman, and Deputy U.S. Marshal Gordon Doe.[4] (*See* Am. Compl.; R&R at 6, 11-13.) Specifically, Dzwonczyk seeks to have *Dzwonczyk v. Suddaby* reopened, to have all defendants reinstated, and to have certain language used by Judge Hurd in the dismissal order stricken.[5] (*See* Am. Compl. at 11-13.)

Dzwonczyk insists that his omission of a prayer for money damages, combined with the purportedly unethical nature of Judge Hurd's decision in *Dzwonczyk v. Suddaby*, strips Judge Hurd of judicial immunity. (*See* Dkt. No. 10.) Despite Dzwonczyk's insistence that Judge Hurd's dismissal order was issued in bad faith, the Judge's actions in *Dzwonczyk v.*

---

[4] Dzwonczyk has since identified "Gordon Doe" as Gerald Gordon. (*See* Am. Compl. ¶ 15.)

[5] The only truly prospective relief which Dzwonczyk seeks is "an injunctive order directing [Judge Hurd] to always apply the law and the supporting evidence that the facts support equally, and without prejudice and bias." (Am. Compl. at 13.)

*Suddaby*, including his issuance of the April 28, 2010 Decision and Order, were undoubtedly taken in his judicial capacity, and there is no suggestion that a declaratory decree was violated or that declaratory relief was unavailable. *See Jensen v. Farrell Lines, Inc.*, 625 F.2d 379, 383 (2d Cir. 1980) ("Availability of federal equitable relief to remedy constitutional violations has been presumed by the courts." (citing *Bivens*, 403 U.S. at 404)). As such, the court agrees with Judge Baxter's conclusion that Judge Hurd is entitled to judicial immunity, and that the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (*See* R&R at 5-8.)

Having reviewed the remainder of Judge Baxter's R&R for clear error, and finding none, the court accepts and adopts the R&R in its entirety.

## B. Miscellaneous Motions

### i. Motions to Strike and for Joinder of Parties

Following the issuance of the R&R, Dzwonczyk moved to "strike" his "proposed [A]mended [C]omplaint," and for leave to file a second Amended Complaint. (Dkt. No. 11.) Because Dzwonczyk's initial Amended Complaint was permissible as a matter of course under Fed. R. Civ. P. 15(a)(1)(A), it was deemed by Judge Baxter to be the operative pleading.

6

(*See* R&R at 1-2.) As such, Dzwonczyk's motion to strike the Amended Complaint and replace it with a newly-provided pleading is treated as a motion to Amend. (*See* Dkt. No. 11.)

Although in all cases "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted). Leave to amend need not be granted, however, when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because Dzwonczyk's proposed Second Amended Complaint does not cure the deficiencies which were fatal to his Amended Complaint, his motion to amend is denied as futile. (*Compre* Am. Compl., *with* Dkt. No. 11, Attach. 1.)

In a further attempt to re-litigate his previously-dismissed action, Dzwonczyk also seeks to join Baerman and Gordon as additional defendants. (*See* Dkt. No. 14.) In *Dzwonczyk v. Suddaby*, Judge Hurd dismissed the Complaint against both Baerman and Gordon—there identified as "Gordon Doe"—based on the same factual assertions now posited by Dzwonczyk. (*See* Dkt. No. 6, 5:10-cv-300; *compare* Dkt. No. 1,

7

5:10-cv-300, *with* Am. Compl.*, and* Dkt. No. 14.) For the reasons articulated in *Dzwonczyk v. Suddaby*, it would be futile to permit Dzwonczyk to join Baerman and Gordon as defendants, and his motion is therefore denied. (*See* Dkt. No. 6, 5:10-cv-300.)

*ii.* Remaining Motions

Finally, Dzwonczyk filed two additional motions in which he requested a "Three-Judge Court pursuant to [N.D.N.Y.] L.R. 9.1," and an order to stay the case during a sixteen-day period that has already expired. (Dkt. No. 12; *see* Dkt. No. 13.) In light of the foregoing, both motions are denied as moot.[6]

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's March 5, 2013 Order and Report-Recommendation (Dkt. No. 9) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Dzwonczyk's Amended Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and it is further

---

[6] At the close of his objections to the R&R, Dzwonczyk also "move[d] for the immediate recusal from this case of Judge Andrew T. Baxter." (Dkt. No. 10 at 7.) That request is similarly denied as moot.

**ORDERED** that Dzwonczyk's motions to place the case into ADR (Dkt. No. 5), for a three-judge court (Dkt. No. 12), to temporarily stay the case (Dkt. No. 13), and for the recusal of Judge Baxter, are **DENIED as moot**; and it is further

**ORDERED** that Dzwonczyk's motions to amend (Dkt. No. 11), and to join additional defendants (Dkt. No. 14), are **DENIED as futile**; and it is further

**CERTIFIED** that any appeal taken from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to Dzwonczyk by regular and certified mail.

**IT IS SO ORDERED.**

May 23, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court